J-S21040-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN THIVARATH | : | |
| | : | |
| Appellant | : | No. 1380 EDA 2020 |

Appeal from the Judgment of Sentence Entered December 9, 2019
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0007464-2018

BEFORE:   BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    Filed: November 4, 2021

Kevin Thivarath appeals from the judgment of sentence entered following an open guilty plea wherein Thivarath pleaded guilty to possession of a controlled substance with intent to deliver (PWID), endangering the welfare of a child, and carrying a firearm without a license.[1] For these crimes, Thivarath received twenty-seven to fifty-four months of imprisonment to be followed by thirty-six months of probation.[2] On appeal, Thivarath first challenges the discretionary aspects of his sentence, asserting: (1) its excessiveness; (2) that the lower court gave erroneous weight to his actions

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. § 4304(a)(1); and 18 Pa.C.S.A. § 6106(a)(1), respectively.

[2] The sentence corresponding to the firearms offense amounted to twelve to twenty-four months of imprisonment, but was made concurrent to his other offenses.

vis-à-vis the impressions those actions would leave on his daughter; and (3) that the court did not consider the relevant statutory factors as required by Pennsylvania's Sentencing Code. Secondly, Thivarath claims that the court imposed an illegal sentence with respect to his PWID offense when it sentenced him to a state correctional institution for nine to eighteen months on that conviction. As we see no merit to either contention, we affirm.

We glean the following from the record. In August 2018, Thivarath's then girlfriend's mother called the police to report that Thivarath, in his own words, had shot someone. While responding to the call, police observed a moving black Honda Accord that was contemporaneously determined to be a vehicle registered to Thivarath's girlfriend. The vehicle was driven into a convenience store parking lot, and at that point, police established that the driver was a male, later identified at Thivarath. Through continued observation, an officer saw Thivarath make a slumping movement in the vehicle, which produced a corresponding thud. Thereafter, the officer told Thivarath to exit the vehicle, and he was then placed in handcuffs.

Upon searching the vehicle, the officer found a handgun and noted a slight odor of marijuana. Thivarath admitted to having several items containing THC within the vehicle and also had several thousand dollars in cash on his person.

After being taken into custody, Thivarath indicated to police that he had fabricated the story of him shooting someone else, apparently to get his girlfriend to break up with him. However, Thivarath acknowledged ownership

of the gun recovered from the vehicle. Additionally, Thivarath told the police that he had three more firearms at his residence, sold marijuana out of that location, and had at least one pound of that product stored there.

A search warrant of Thivarath's residence, executed one day after his arrest, yielded recovery of those three firearms, several pounds of marijuana, and approximately seven and one half grams of cocaine. About a week later, police conducted a forensic download of Thivarath's cell phone. During that process, authorities uncovered a photograph of Thivarath's three-year-old child holding one of his handguns. The pictured handgun had a loaded magazine and would have expelled a bullet had the trigger been pulled.

Following his open guilty plea and the court's construction of his sentencing scheme, Thivarath filed timely post-sentence motions, which were subsequently denied. Thivarath then filed a timely notice of appeal. Further, the relevant parties have complied with their respective obligations under Pennsylvania Rule of Appellate Procedure 1925. As such, this appeal is ripe for adjudication.

On appeal, Thivarath presents this Court with three questions. However, two of those questions, both challenging discretionary aspects of his sentence, conceptually overlap with one another. As Thivarath treats those similar claims as one within his argument section, we do so, too.

Thivarath asserts:

1. The lower court failed to properly consider the Sentencing Code's statutory factors, inappropriately focused on his illicit actions in the context of how those actions would affect his

young daughter, and constructed an excessive sentence under the circumstances.

2. The lower court illegally sentenced him to nine to eighteen months of imprisonment in a state correctional institution, the sentence of which corresponded to his PWID conviction.

*See* Appellant's Brief, at 9.

Responsive to his first issue, our analysis of a claim challenging the discretionary aspects of a sentence is well-settled:

> [s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

*Commonwealth v. Rivera*, 238 A.3d 482, 498-99 (Pa. Super. 2020); *see also* 42 Pa.C.S.A. § 9781(d). To elaborate further, a sentencing court must not only consider the guidelines that have been adopted by the Pennsylvania Commission on Sentencing, but it must simultaneously contemplate sentences that are "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant[.]" 42 Pa.C.S.A § 9721(b).

However, even with those precepts in mind, a challenge that attacks a

sentence's discretionary aspects does not automatically guarantee this Court will review such a contention. Instead,

> an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
> whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Samuel*, 102 A.3d 1001, 1006-07 (Pa. Super. 2014).

We are satisfied that Thivarath has met the first three conditions necessary for appellate review. Specifically, he has filed a timely notice of appeal, preserved this issue by way of post-sentence motion, and has included a 2119(f) statement in his brief. As such, we must lastly evaluate whether Thivarath has raised a substantial question, which is a determination made on a case-by-case basis. *See Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007).

"A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (citation and quotation marks omitted). "In determining whether a substantial question

exists, our inquiry must focus on the reasons for which the appeal is sought in contrast to the **facts** underlying the appeal, which are necessary only to decide the appeal on the merits." **Commonwealth v. Provenzano**, 50 A.3d 148, 154 (Pa. Super. 2012) (citation, alterations, and quotation marks omitted) (emphasis in original).

Thivarath's 2119(f) statement broadly states that "[t]here is a substantial question as to the propriety of [his] sentence since it is unduly harsh and excessive under the circumstances herein." Appellant's Brief, at 14. However, Thivarath then goes on to list factors he avers should have been considered by the sentencing court, such as his lack of a prior record, cooperation with the Commonwealth prior to and throughout proceedings, confession, age, and demonstrated remorse. **See id**., at 15. Thivarath proclaims that he was not "treated as an individual," which correspondingly led to an inappropriate sentence. **Id**.

While "[a]n allegation that the sentencing court failed to consider mitigating factors generally does not necessarily raise a substantial question," **see Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa. Super. 2010) (citation omitted), "[a] claim that a sentencing court … sentenced a defendant without taking into account his … character and background … raises a substantial question that the sentence is inappropriate under the Sentencing Code." **Commonwealth v. Luketic**, 162 A.3d 1149, 1162 (Pa. Super. 2017); **see also Commonwealth v. Gonzalez**, 109 A.3d 711, 731 n.38 (Pa. Super.

2015) ("[A] substantial question exists when the defendant asserts both a claim of excessiveness and the trial court's failure to take mitigating circumstances into account."). Therefore, Thivarath has raised a substantial question, and we now proceed to address the substantive component of his sentencing claim.

Distilled down, Thivarath believes that the court did not properly recognize specific elements of his background and character, which created a disparity between what was placed on the record (or omitted therefrom) at sentencing and what is, in fact, true. **See** Appellant's Brief, at 18-19. Thivarath contends that total confinement was not necessary, but that the court did not properly consider, pursuant to 42 Pa.C.S.A. § 9725, whether this punishment was an appropriate outcome for him given, *inter alia*, his lack of adult record. **See id**., at 20. Thivarath finally states that the court's concerns over future gun accidents, related to the picture of Thivarath's child holding a firearm, "blinded the [c]ourt to the mitigating factors" that were enumerated in his brief. **Id**., at 22.

Where the sentencing court, as is the case here, "had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Hill**, 210 A.3d 1104, 1117 (Pa. Super. 2019) (internal quotation marks and citation omitted). Moreover, "where a sentence is within

- 7 -

the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Id*. If both conditions exist concurrently, a PSI report and standard range sentence cannot be considered excessive or unreasonable absent some indicia clearly evidencing the contrary. *See id*.

The Commonwealth concedes that, pursuant to the Sentencing Code, the sentencing court, here, must have placed the reason or reasons on the record for the sentence that it imposed. *See* Appellee's Brief, at 14. Furthermore, the Commonwealth agrees with Thivarath that, for the court to impose a sentence of total confinement, it must consider, *inter alia*, the defendant's character and present condition to ascertain whether institutional correctional treatment is necessary. However, to refute the entire basis of Thivarath's argument, the Commonwealth illuminates the trial court's explicit consideration of the very items Thivarath complains that the court failed to consider.

Specifically, the sentencing court, in its opinion, plainly mentions that it had "the benefit of a PSI report and considered all of the mitigating factors related to [Thivarath], *including his lack of criminal history*." Sentencing Court Opinion, 9/8/20, at 9 (emphasis added) (record citation omitted). "Additionally, the court considered all other factors required under 42 Pa.C.S.A. § 9721(b), such as the sentencing guidelines." *Id*. (record citation omitted). The court then went on to indicate that it had the benefit of: (1) a

sentencing memorandum prepared by the Commonwealth and defense counsel; (2) an evaluation of Thivarath consisting of a mental health component; (3) knowledge of Thivarath's work history; and (4) seeing Thivarath's friends and family support him. *See id*.

The record unambiguously reflects the court's knowledge and consideration, at sentencing, of the aforementioned pieces of information. *See, e.g*., Sentencing Transcript, 10/9/19, at 5, 7-12 (detailing the court's consideration of the sentencing guidelines and PSI as well as Thivarath's work and minimal criminal history, age, friends and family, etc.). The record also indicates why the court additionally found that total confinement was necessary. First, the court reflected on the image of Thivarath's child holding a loaded firearm to express the seriousness of what had occurred. *See id*., at 17 ("If this picture is not worth a thousand words, I don't know what is."). Second, the court enumerated the specific reasons why it imposed its sentence, namely Thivarath was an admitted drug dealer contributing to drug problems in Montgomery County; Thivarath purchased the at-issue firearm, which happened to be itself stolen, illegally; Thivarath placed the firearm underneath his car seat in a location where it could have been accessed by multiple people; and most importantly, Thivarath let his child hold a weapon that could have been discharged at any point. *See id*., at 20. In taking these findings together, the court concluded that Thivarath was presently "a risk to the public" and that giving him "a lesser sentence [than total confinement or

a mitigated sentence] would depreciate the seriousness of the offenses." **Id**.

We discern no abuse of discretion in the court's consideration of both circumstances that could be defined as mitigating based on Thivarath's character and background as well as the aggravating particular circumstances of the crimes in which he pleaded guilty. The court made abundantly clear that it had a PSI, reviewed the relevant sentencing factors, took into consideration several factors to Thivarath's benefit, and evaluated the severity of his crimes. While Thivarath appears to have wanted the court to have weighed certain circumstances differently in order to obtain a lesser sentence, we see no basis to conclude that the sentence he ultimately received is manifestly excessive. **See Commonwealth v. Dodge**, 77 A.3d 1263, 1269 (Pa. Super. 2013). As such, his first issue is due no relief.

Thivarath's second argument suggests that he was illegally sentenced because his PWID sentence, nine to eighteen months of imprisonment in a state correctional institution, should have resulted in him being imprisoned at a county prison instead. Thivarath provides no relevant authority to support this proposition.

Thivarath's maximum incarceration term is four-and-one-half years in length. Under the Sentencing Code, any person sentenced to total or partial confinement for a maximum term of two years or more but less than five years "shall be committed to the Department of Corrections for confinement[.]" 42 Pa.C.S.A. § 9762(b)(2) (contrasting with a maximum term of less than two

years, which would result in commitment at a county prison). If multiple sentences are imposed, each discrete sentence is aggregated together to determine whether that two-to-five-year threshold has been met. ***See id***., at § 9762(f). Although Thivarath attempts to look at his PWID sentence in isolation, such a view is in stark deviation from the relevant statute, which clearly indicates that his sentences must be combined to determine whether a state or county correctional institution is appropriate. Because Thivarath has provided no authority to contradict a plain reading of the Sentencing Code's aggregation subsection, his claim necessarily fails.

As neither of Thivarath's claims are meritorious, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/4/21